# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT T. SMITH, | : | |
| Plaintiff | : | No. 1:CV-03-0898 |
| v. | : | |
| | : | (Judge Kane) |
| KENNETH KYLER and | : | |
| RAY EARLSTON | : | (Electronically Filed) |
| | : | |
| Defendants | : | |

## STATEMENT OF MATERIAL FACTS

1.   Plaintiff, Robert Smith ("Smith"), is a *pro se* inmate incarcerated at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"). (Complaint[1] at Caption).

2.   The defendants are Reverend Ray Earlston, Jr., a protestant chaplain at SCI-Huntingdon, and Kenneth Kyler, Superintendent of SCI-Huntingdon. (Complaint at Caption).

3.   Plaintiff's Complaint appears to allege that Defendants have denied him the freedom to exercise his religion by failing to provide a separate Rastafarian worship service. Plaintiff further alleges that he is denied free exercise of his religious beliefs because Rastafarians are not permitted to pray as a group. Plaintiff seeks injunctive relief requiring one Rastafarian group worship service per

---

[1] A true and correct copy of the Complaint has been attached as Exhibit A.

week, led by either a live, or taped[2], Rastafarian prayer leader. (Complaint at ¶¶18-27).

4. Defendants contend that Plaintiff has not been deprived of any rights, privileges or immunities secured to him by the Constitution or laws of the United States. (Answer[3] at Third Defense).

5. Defendants further contend that Plaintiff's claims are barred by the applicable Statute of Limitations. (Answer at Seventh Defense).

6. Separate services for individual religious denominations or sects would have an adverse impact on prisons by increasing the likelihood for disruption to the order, stability and security of a correctional facility. (Declaration of Reverend Joanne Torma at ¶17).

7. Multiplying the number of denominations, or groups, who believe they are entitled to separate religious services at the Department of Corrections twenty-six institutions would significantly stretch prison resources because of the added space, personnel and money that would be required to provide for additional congregations of prison inmates in a manner consistent with prison security. (Declaration of Reverend Joanne Torma at ¶16).

---

[2] Plaintiff does not specify in his Complaint if he is seeking an audio or video tape.
[3] A true and correct copy of Defendants' answer has been attached as Exhibit B.

8. Multiplying the number of denominations or groups entitled to separate services would have an adverse impact upon security at the prisons because additional correctional employees would be needed to provide security at each additional service. ((Declaration of Reverend Joanne Torma at ¶17).

9. Providing separate services would also have an adverse impact upon space at the prisons because additional areas would need to be designated within facilities that are already short of space to conduct multiple services. (Declaration of Reverend Joanne Torma at ¶17).

10. Secure separate services for each denomination or religious group at twenty-six State operated prisons would have an adverse financial impact upon the Department of Corrections. It would require an inordinate amount of resources to accommodate them in a manner consistent with prison security. (Declaration of Reverend Joanne Torma at ¶18).

11. SCI-Huntingdon accommodates inmates of the Rastafarian faith. (Declaration[4] of Reverend Joanne Torma at ¶7).

12. Plaintiff is free to have a Rastafarian chaplain visit him at the prison, provided the chaplain meets the Department's requirements for visitors. (Declaration of Reverend Joanne Torma at ¶11).

---

[4] A true and correct copy of the Declaration of Reverend Joanne Torma has been attached as Exhibit C.

13.     Plaintiff is permitted to have religious books and materials sent to him, as long as they meet the criteria of the inmate publication review, governed by DOC Administrative Directives.  Plaintiff is also permitted pray in his cell.  (Declaration of Reverend Joanne Torma at ¶11; Declaration[5] of Diana Baney at ¶7).

14.     Plaintiff is permitted to follow the tenants of the Rastafarian faith so long as those practices are consistent with the Department's directives and policies and do not disrupt the order, stability and security of the prison.  (Declaration of Reverend Joanne Torma at ¶13; Declaration of Diana Baney at ¶8).

15.     Plaintiff has been incarcerated at SCI-Huntingdon since 1999.  (Declaration of Diana Baney at ¶4).

16.     From the inception of Plaintiff's incarceration at SCI-Huntingdon, through the time he filed this Complaint on May 27, 2003, Rastafarian worship services, as well as taped Rastafarian prayer leaders, have never been permitted at SCI-Huntingdon.  (Declaration of Diana Baney at ¶5).

17.     Plaintiff acknowledges in his Complaint that he has been continuously aware of the fact that Rastafarian worship services have never been permitted at SCI-Huntingdon.  (Complaint at ¶10).

---

[5] A true and correct copy of the Declaration of Diana Baney has been attached as Exhibit E.

18. On August 15, 2000, Plaintiff filed a grievance with SCI-Huntingdon officials, complaining about the lack of a separate Rastafarian worship services, and asking for one Rastafarian worship service per week. (Official inmate Grievance dated August 15, 2000[6]).

19. For example, inmates who are members of Christian faiths, such as the Lutheran, Baptist or Methodist denomination are provided only one Protestant chaplain and only one Protestant service is available to them. (Declaration of Reverend Joanne Torma at ¶6).

20. The DOC does receive federal financial assistance, however none of those funds have any relation to religion or impose any condition regarding prisoners=religious rights. (Declaration[7] of Angela Sager, DOC Grants Manager at ¶¶1-2).

                                                **Respectfully submitted,**

                                                **D. MICHAEL FISHER**
                                                **Attorney General**

                                     **By:**    **s/ Jason Giurintano**
                                                        **JASON C. GIURINTANO**
                                                        **Deputy Attorney General**
                                                        **I.D. No. 89177**

---

[6] A true and correct copy of a grievance filed by Robert Smith is attached at Exhibit D.
[7] A true and correct copy of the declaration of Angela Sager, DOC Grants Manager, is attached as Exhibit F.

| | |
|---|---|
| **Office of Attorney General** | **SUSAN J. FORNEY** |
| **Civil Litigation Section** | **Chief Deputy Attorney General** |
| **15th Floor, Strawberry Square** | **Chief, Litigation Section** |
| **Harrisburg, PA  17120** | |
| | **Counsel for Defendants** |
| **Date:  October 14, 2003** | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT T. SMITH, | : | |
| Plaintiff | : | No. 1:CV-03-0898 |
| v. | : | |
| | : | (Judge Kane) |
| KENNETH KYLER and | : | |
| RAY EARLSTON | : | (Electronically Filed |
| | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

    I, Jason C. Giurintano, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 14, 2003, I caused to be served a true and correct copy of the foregoing document entitled Statement of Material Facts by depositing same in the United States Mail, first-class postage prepaid to the following:

Robert Smith, AS-2769
SCI Huntingdon
1100 Pike Street
Huntingdon, PA  16654-1112

                                                  <u>s/Jason Giurintano</u>
                                                **JASON C. GIURINTANO
Deputy Attorney General**